*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEONDRA REID,

  Plaintiff-Appellee,

v

SHEILA JACKSON ELLOUT and CNS HEALTHCARE,

  Defendants

and

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

  Defendant-Appellant.

UNPUBLISHED
April 15, 2026
9:50 AM

No. 371880
Wayne Circuit Court
LC No. 21-017126-NI

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

O'BRIEN, P.J. (*concurring*).

I concur in the result reached by the majority but write separately to further address State Farm's arguments respecting plaintiff's failure to timely provide the medical bills for which she sought recovery. This bleeds into two issues—State Farm's arguments that the trial court should have granted its motion for summary disposition and that the trial court erred by admitting evidence at trial that plaintiff failed to produce during discovery.

Addressing State Farm's motion for summary disposition first, State Farm argued that it was entitled to summary disposition in relevant part because plaintiff failed to produce any outstanding medical bills that State Farm was responsible for paying but had failed to pay. Plaintiff countered that she had, in fact, submitted outstanding medical bills to State Farm and that she continued to incur medical expenses related to her accident. As proof, plaintiff attached to her response medical bills that she claimed to have submitted to State Farm. The trial court ultimately denied State Farm's motion.

-1-

On appeal, State Farm contends that plaintiff's response to State Farm's motion did not create a question of fact as to whether State Farm was liable to plaintiff for any allowable expenses because plaintiff attached to her response only three invoices, all of which State Farm "had already paid." There are two problems with this. First, plaintiff attached more than three invoices to her response to State Farm's motion. Second, there is no evidence that State Farm even paid the three invoices that it concedes plaintiff attached to her response. One of those three invoices was from "McLaren" for $181.05. As proof that State Farm paid this invoice, it directs this Court's attention to a "Payment Log" attached to State Farm's motion for summary disposition. Yet, nowhere in that payment log does it show a payment for $181.05 or a payment to McLaren.

Still, State Farm is correct when it argues on appeal that, in response to its motion for summary disposition, plaintiff failed to produce some of the largest bills on which she sought to recover at trial. This is indeed curious because a sizeable portion of one of these bills was "posted" before State Farm filed it dispositive motion, and it is unclear whether this bill was given to State Farm in a timely manner given both the contents of State Farm's motion for summary disposition and plaintiff's response to that motion, which omitted any mention of this bill.[1]

At trial, when plaintiff moved to admit exhibit 21—which included the largest bills on which plaintiff was seeking to recover—State Farm objected, and, as the majority notes, the court reasoned that everything included in exhibit 21 was admissible because it was all part of State Farm's claims file. No one was able to provide that claims file to this Court, however, and I am perplexed as to why. Both parties had the claims file below—they both identified it as an exhibit, although only State Farm moved to admit it. Yet, now, neither party seems able to locate it. This is particularly confusing coming from State Farm. One would think that State Farm would be able to produce its own claims file.

At any rate, without the claims file, there is no way to verify whether State Farm had these bills before trial, as the majority recognizes. That is enough by itself, but I would also note that, in the trial court, State Farm did not appear to contest that the at-issue bills were included in the claims file. When State Farm objected to plaintiff's exhibit 21, it never claimed that it was not provided with the at-issue bills; State Farm argued only that plaintiff should not be allowed to testify that "these bills are reasonably necessary for her care and rehabilitation." While State Farm was making its objection, plaintiff interjected that she was simply asking for her exhibit to be admitted, which was different from whether plaintiff could testify about the exhibit. State Farm then finished its objection, and the court asked if the documents in exhibit 21 were in the claims file. Plaintiff responded in the affirmative, but State Farm disagreed, stating that "[s]ome of the EOBs were e-mailed to me last night after 11 p.m." The court then ruled that exhibit 21 was

---

[1] Plaintiff submits that her purported failure to provide State Farm with her outstanding medical bills should not have been an issue because she signed authorizations giving State Farm permission to obtain any and all of plaintiff's medical records. It is unreasonable to expect State Farm to contact all of plaintiff's providers and ask them if plaintiff had any outstanding bills, then sift through the responses, locate any outstanding bills, and make a guess about whether plaintiff was going to seek recovery from State Farm. If a plaintiff is requesting an insurance company to pay a bill, it is their burden to provide the bill to the insurer; the burden does not rest with the insurer.

admissible because the documents in that exhibit "are part of the claim file," and State Farm reiterated that it was only recently sent some "Explanation of Benefits, which are not part of the claims file."

From this exchange, it does not appear that State Farm ever represented that it had not received the medical bills included in exhibit 21—only some EOBs that were included in the exhibit. Assuming that it was error for the trial court to admit these (unidentified) EOBs, State Farm has failed to explain how the error was not harmless.

I otherwise concur with the result reached by the majority.


/s/ Colleen A. O'Brien